# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATAMOUNT PROPERTIES 2018, LLC,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>PAUL M. LUCORE,<br><br>　　　　　　　　　　Defendant. | Case No.:  21-cv-00097-L-MDD<br><br>**ORDER SUA SPONTE REMANDING CASE TO STATE COURT** |

Defendant Paul M. Lucore, again, removed this unlawful detainer state action to federal court. For the reasons stated below, the Court *sua sponte* **REMANDS** this action for lack of subject matter jurisdiction.

**BACKGROUND**

On November 12, 2019, Defendant removed this action to federal court. (*See* Doc. No. 2, Notice of Related Case; Docket No. 19-cv-02158-L-AHG). Plaintiff filed a motion to remand. *Id*. Defendant filed an opposition. *Id*. On September 2, 2020, the Court granted the motion and remanded the action to state court. *Id*.

On January 19, 2021, Defendant removed this action again based on the same state complaint. (Doc. No. 1). He contends the removal is proper under 28 U.S.C. sections 1331, 1443(1) and 1441.

1  "Federal courts are courts of limited jurisdiction.  They possess only that power
2  authorized by Constitution or statute, which is not to be expanded by judicial decree.  It is
3  to be presumed that a cause lies outside this limited jurisdiction, and the burden of
4  establishing the contrary rests upon the party asserting jurisdiction."  *Kokkonen v.*
5  *Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).[1]  Consistent with the limited
6  jurisdiction of federal courts, the removal statute is strictly construed against removal.
7  *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992).  The burden of establishing
8  removal jurisdiction is on the removing party.  *See Abrego Abrego v. The Dow Chem.*
9  *Co*., 443 F.3d 676, 682-85 (9th Cir. 2006).

The state complaint does not raise any federal questions—as the Court previously determined.  (Doc. No. 1; *see* Docket No. 19-cv-02158-L-AHG); *Rivet v. Regions Bank of Louisiana,* 522 U.S. 470, 475 (1998); *see also Takeda v. NW Nat. Life Ins. Co.*, 765 F.2d 815, 821-22 (9th Cir. 1985).  The complaint contains a single claim for unlawful detainer arising under state law.  (Doc. No. 1).

Defendant's conclusory assertion that his due process rights will be violated unless the action is heard in federal court is insufficient to establish subject matter jurisdiction. *See Ghaemmaghami v. Diaz*, No. 15cv0732 JM(BGS), 2015 U.S. Dist. LEXIS 48382, at *5 (S.D. Cal. 2015) (removal improper under 28 U.S.C. § 1443(1) where the defendant simply recited broad constitutional legal theories related to a state court unlawful detainer action).  Defendant has not shown the state court is unable to protect his constitutional right to due process.  (Doc. No. 1).

///
///
///
///

---

[1] Unless otherwise noted, internal quotation marks, ellipses, brackets, citations, and footnotes are omitted from all quotations.

Accordingly, Defendant fails to meet his burden. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). This action is **REMANDED** to the Superior Court for the State of California, County of San Diego. *See Maniar v. FDIC*, 979 F.2d 782, 785 (9th Cir. 1992).

**IT IS SO ORDERED.**

Dated: January 29, 2021

_____
Hon. M. James Lorenz
United States District Judge